The next case on our calendar is Albuena v. Sessions, 163317. The next case on our calendar is Albuena v. Sessions, 163317. Please proceed. Good morning, your honors. May it please the court. My name is Kristen Young, and I am a student attorney at the Immigration Justice Clinic of John Jay Legal Services at Pace Law School. I appear today under the supervision of Vanessa Merton, my supervising attorney, and I've been admitted under Local Rule 46. Thank you. Your honors, this case presents an important question of law. That is, whether the controlling statute, regulation, and case law require the concurrent filing or the concurrent adjudication of a waiver of inadmissibility under INA Section 212H and an application for adjustment. Here, the petitioner, Mr. Eduardo Albuena, concurrently filed his waiver of inadmissibility with an application for adjustment. He also indicated that he had a clear pathway to status when he filed these applications. However, the immigration judge found that he could not adjudicate the INA Section 212H waiver without also concurrently adjudicating the application for adjustment. The controlling statute and regulation do not use the phrase concurrently adjudicated. They only ever reference concurrently filed, as does matter of rebus. The immigration judge relied solely on matter of rebus in reaching his decision. The petitioner in that case did not have a pathway to status, nor did he have an immediately available visa, as Mr. Albuena does here. Mr. Albuena has a U.S. citizen wife and an approved I-130 petition. In matter of rebus. Yeah, I want to ask you, I mean, this comes to us really on the denial of a continuance or administrative closure. And the BIA assumed that the IJ was incorrect, potentially, about the concurrent filing analysis. And I'm looking at the standards to apply in reviewing a decision to deny continuance or administrative closure. We find a variety of factors and a discretionary decision that we owe significant deference to. Could you address whether those factors you think were inappropriately applied? And if not, if they were not inappropriately applied, whether that kind of renders the rest of the discussion moot? Yes, Your Honor. Matter of Abbottesian lays out the factors that should be considered when considering whether to grant administrative closure. Those factors are not dispositive, and they are a balancing test in which all relevant factors should be considered. Here, the immigration judge took out the most important piece of the balancing test, that being Mr. Baldwin's waiver application. That was one of the biggest equities that would have weighed in his favor when considering the administrative closure argument. By not adjudicating that waiver and instead only picking certain factors to consider in this balancing test rather than all relevant factors. But if the BIA took that factor out and still said the same result applies, why shouldn't we be reviewing that decision? The BIA summarily affirmed the IJ's decision, but they also added two additional factors that we found to be legally burdensome. The BIA also considered whether or not Mr. Baldwin could identify a specific point in the future when he would be prima facie eligible. They also considered his eligibility or rather his chances of success on certain applications outside of this agency. Why shouldn't they have? I'm looking at this from the vantage point of someone who's been a district judge, and people have asked me for continuances. You have to decide, are we going to let this case go forward to what would seem to be an inevitable result? Or are we going to suspend proceedings to give one of the parties an opportunity to do something that might change the result that might be equitable? That's really the posture we're in, right? Yes, Your Honor. And it seems to me it's one thing if the party is saying, well, look, within a reasonably short period of time, something is going to happen that will radically change the equities and change the law. And I'm going to now no longer be suffering this detriment. But, you know, so you should let me do that. And in this case, looking at your own Exhibit 3 in the appendix, the process to get what – it's enormously ingenious of you and your colleagues to have even figured this out. We've got a 16-step procedure, several of the steps of which are, as the BIA pointed out, not necessarily all that likely to happen. There's no timeline as to how long it's going to take, except that we know at least it's going to take a couple of years before he's even out of jail and able to pursue some of these things. Why on earth would a judge think that it is appropriate to grant a continuance with respect to someone who is clearly removable now against this highly contingent, long-term possibility that something might change at some indefinite point in the future if a lot of things go right for him in this 16-step process? Your Honor, we do recognize that this is a very unconventional pathway to status, but it is a viable one. And what Mr. Balbuena is looking for here is to have the ability to be adjudicated on the merits, to have his applications looked at, and also to have the balancing tests applied properly. The BIA is entitled to consider all of the relevant factors that they would like to in the Abtesian test, but we're looking for some fairness and consistency in the application of these factors for there to be a full balancing test that does include, in fact, all relevant factors. And for Mr. Balbuena, that would include this waiver application that was not adjudicated on the merits. Your Honors, we're not asking you to adjudicate Mr. Balbuena's applications or to make a decision on the administrative closure. What we're looking for here is for this to be remanded to the immigration judge with instructions to adjudicate the waiver, to tell him that he does, in fact, have the discretion to adjudicate that waiver of inadmissibility. Is it your position that he was constitutionally required to hold a hearing on the waiver application? Yes, Your Honor. That was part of our argument. Under constitutional law, notwithstanding the length and the speculative nature and discretionary elements of the pathway, and the BIA's review saying, again, as Judge Lynch pointed out, assuming that it could have been adjudicated at the same time, you're saying there's a due process obligation to conduct a hearing on that hypothetical possibility? Yes, Your Honor. Petitioner contends that although it is possible that the judge reach a decision that is not in his favor, that the waiver should have been adjudicated on the merits. He did present witnesses that day that were available to testify. He had evidence prepared for the immigration judge, and none of this was considered in the adjudication of the waiver application because the immigration judge found that he could not adjudicate it. And the constitutional claim is that just due process required or just was felt unfair? That a procedural due process would require, at the very least, an adjudication on the merits, not an outright dismissal on its face. Okay. Your Honors, on January 13, 2016, Mr. Balbuena had a master calendar hearing with the immigration judge, and at that point the judge told him, okay, so yes, he does need the 601. He'd still be eligible for adjustment with the approved I-130. He just needs a waiver. That's found in the record at pages 281 to 282. On that day, we did submit the waiver application along with the application for adjustment. And it was at the following hearing that the individual was scheduled, and then subsequently on April 12th we came before the judge for those applications to be adjudicated with the witnesses and the evidence prepared. And it was only at that hearing for the first time that the judge brought up the issue with the 212-H waiver, the refusal to adjudicate on the merits, and the fact that he found Mr. Balbuena was ineligible for 245-I, which at that point we were aware of and it wasn't part of the consideration. So what Mr. Balbuena is looking for here is for the agency to follow the rules it's created, for the Advotezian balancing factors to be weighed equitably, for all relevant factors to be considered. And what rule exactly did the agency not follow? In the matter of Advotezian balancing tests, by only picking factors that essentially showed the speculativeness of the pathway and not considering also the equities that weigh in Mr. Balbuena's favor and the evidence presented to the court. So, Your Honors, we would ask that this court remand this with instructions for the 601 waiver to be adjudicated and for the Advotezian factors to be applied with the consideration of that waiver application. Thank you. Thank you very much. You have one minute rebuttal. We'll hear from Ms. Camilleri. Good morning. May it please the Court, this is Dana Camilleri for the Attorney General. The record in this case clearly indicates that Balbuena is removable as a criminal alien. Therefore, the criminal alien bar applies to the instant case. That bar deprives this court to review discretionary and fact-based determinations, such as the denial of a motion to continue and, most importantly, the denial for administrative closure. As the Board noted, even had his 212H waiver application been adjudicated, he needs the administrative closure, as is pointed out in the pathway to relief that Judge Lynch just mentioned, in order to set the process, delay the process until he's out of prison. We submit that that is not reviewable under the criminal alien jurisdictional bar. I mean, even the way the argument- We treat this as raising a question of law. Your adversary has cast this as a constitutional procedural due process question, and there is, at least embedded in their position, a legal question about whether the waiver and the application need to be adjudicated at the same time. If we believe that the IJ acted under a misapprehension of law, aren't we free to correct that? Potentially, but, well, first of all, there's no due process issue with a 212H relief. There's no liberty interest, and he can't show prejudice because there's no likelihood of success based on his criminal conviction for a violent crime. In terms of whether the IJ actually had the authority to adjudicate, if you read Matter of Revis, they're asking for an extremely narrow and literal interpretation. But, if I may just read from the board's decision, by amending the statute, Congress intended to require aliens and removal proceedings in the United States to apply for adjustment in conjunction with a section 212H waiver. This intent would not be effectuated if a waiver is granted nunk-pro-tunk to avoid the requirement that the alien must establish eligibility for adjustment of status. So the reason they want the concurrent, the applications to be filed concurrently is because the alien must be eligible for adjustment of status at the time, and that those need to be adjudicated together. And Revis has been adopted by the 6th, the 7th, and the 11th circuits. So we would argue that that's controlling, that there's no substantial distinction between a nunk-pro-tunk waiver and concurrently filed applications where one is placed in abeyance and there's administrative closure for any length of years, and then the 212H, there's no meaningful distinction there. But again, we think the linchpin for them is the administrative closure issue, and that was a discretionary determination that is not reviewable because of the criminal alien bar, which they have not addressed. Okay. Thank you very much. Thank you. Ms. Young, you have a minute. Thank you, Your Honors. The criminal alien bar was addressed in the jurisdictional portion of our brief, and while we do agree that it applies, 8 U.S.C. section 1252A2D does create a narrow cutout for the review of questions of law and constitutional claims, which we have raised here. The other reason that we ask for the adjudication of this waiver is for justice. This is extremely important to the applicant, who has a very large U.S. citizen family in this country, including his wife and four children. Although the petitioner does agree that this is a difficult pathway, that it may not be one that weighs in his favor, the adjudication on the merits is very meaningful to him, and it means that he does have a chance of remaining in this country that he's been in since he was a minor. Lastly, REVIS does not say concurrently adjudicated, and as the government also agrees, nowhere in this statute or regulation does it say concurrently adjudicated. Every waiver is discretionary, and they're all inherently speculative. There is a weighing of equities and suffering and many factors that come into play in these waivers' municipality. So what we're asking is that this waiver be adjudicated on the merits, the outcome be what it may. Thank you, Your Honors. Thank you very much. Thank you, Ms. Young, Ms. Camilleri, and welcome to the court, Ms. Young. We'll proceed to, we'll take the matter under advisement, and we will.